# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIRE SUE ADAMS, | Case No.  1:12-cv-1338 GSA |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(B) |
| CAROLYN W. COLVIN,[1] COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | (Doc. 26 ) |

## I.      INTRODUCTION

On May 5, 2014, counsel for Plaintiff, Cyrus Safa, Esq., filed a motion for an award of attorney fees pursuant to 42 U.S.C. § 406(b). (Doc. 26).   Plaintiff, Desire Sue Adams ("Plaintiff") and Defendant were each served with the motion.  The motion served on Plaintiff provided that any objections must be filed with the Court within fourteen days. (Doc. 26, pg. 2). The Commissioner was also advised that any opposition to the motion must be filed no later than June 20, 2014. (Doc. 27). In keeping with the role resembling that of a trustee for Plaintiff, on

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as  the Defendant  in this action.

May 30, 2014, the Commissioner filed a response, but did not oppose the motion.  (Doc. 37).

*See generally Gisbrecht v. Barnhart,* 535 U.S. 789, 798 n. 6 (2002). Any reply was due July 7,

2014, but no reponse was filed.  For the reasons set forth below, the Court grants the motion for

attorney's fees.

**II.     BACKGROUND**

Plaintiff brought the underlying action seeking judicial review of a final administrative

decision denying her claim for disability benefits under the Social Security Act. (Doc. 1.)  On

June 14, 2013, this Court ordered that the case be remanded back to the Commissioner pursuant

to the parties' stipulation.  (Doc. 22)  On August 14, 2013, this Court issued an award of Equal

Access to Justice Act ("EAJA") fees in the amount of $3,401.42 pursuant to the parties'

stipulation. (Doc. 25).

Plaintiff's counsel now seeks an award of attorney fees in the amount of $4,750.00

pursuant to section 406(b). Counsel filed evidence in support of the motion indicating that on

March 24, 2014, the Commissioner issued a notice that retroactive disability benefits were

awarded to Plaintiff totaling $67,298.00. (Doc. 26). It is Plaintiff's counsel's Section 406(b)

motion for attorney fees that is currently pending before the Court.

**III.    DISCUSSION**

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in

which they have successfully represented social security claimants.  Section 406(b) provides the

following in relevant part:

> Whenever a court renders a judgment favorable to a claimant under
> this subchapter who was represented before the court by an
> attorney, the court may determine and allow as part of its judgment
> a reasonable fee for such representation, *not in excess of 25 percent
> of the total of the past-due benefits to which the claimant is entitled*

*by reason of such judgment,* and the Commissioner of Social Security may ... certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits ....

42 U.S.C. § 406(b)(1)(A) (emphasis added). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue,* 586 F.3d 1142, 1147 (9th Cir.2009) (en banc) (citing *Gisbrecht v. Barnhart,* 535 U.S. at 789, 802. The Commissioner has standing to challenge the award, despite that the Section 406(b) attorney's fee award is not paid by the government. *Craig v. Sec 'y Dep't of Health & Human Servs.,* 864 F.2d 324, 328 (4th Cir.1989), *abrogated on other grounds in Gisbrecht,* 535 U.S. at 807. The goal of fee awards under Section 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen,* 879 F.2d 359, 365 (8th Cir.1989), *abrogated on other grounds in Gisbrecht,* 535 U.S. at 807.

The twenty-five percent (25%) maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht,* 535 U.S. at 808–09 (Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, Section 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807; *see also Crawford,* 586 F.3d at 1148 (holding that Section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' ... 'looking

first to the contingent-fee agreement, then testing it for reasonableness.' " *Crawford,* 586 F.3d at 1148 (quoting *Gisbrecht,* 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Id.* (citing *Gisbrecht,* 535 U.S. at 807–08).

Here, the fee agreement between Plaintiff and her counsel provides for a fee consisting of "25% of the past-due benefits resulting from [Plaintiff's] claim or claims." (Doc. 26-3).  In this case, the fee requested is less than 25% of Plaintiff's total benefit. Counsel indicated that 18.8 hours of work was expended on this case.  The Court has considered the character of counsel's representation of Plaintiff and the results achieved by counsel. There is no indication that a reduction of the award is warranted due to any substandard performance by counsel in this matter.  Counsel is an experienced attorney who secured a successful result for Plaintiff. There is also no evidence that the attorneys engaged in any dilatory conduct resulting in excessive delay. In making this determination, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms. *See Hearn v. Barnhart,* 262 F.Supp.2d 1033, 1037 (N.D.Cal.2003) ("Because attorneys like Mr. Sackett contend with a substantial risk of loss in Title II cases, an effective hourly rate of only $450 in successful cases does not provide a basis for this court to lower the fee to avoid a 'windfall.' " (quoting *Gisbrecht,* 535 U.S. at 807)).

4

Notwithstanding the above, an award of Section 406(b) fees must be offset by any prior award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796. Plaintiff's counsel has already been awarded $ 3,401.42 in fees pursuant to the EAJA.  Thus, any Section 406(b) fee awarded must be offset by that amount and be refunded to Plaintiff. However, in this case, the Department of Treasury withheld $924.00 for a government debt leaving $2,477.42 in EAJA fees.  Thus, $2,477.42 is the amount to be refunded to Plaintiff.

**IV.    CONCLUSION**

For the reasons stated above, the Court concludes that fees in the amount of $4,750.00 sought by Plaintiff's counsel pursuant to Section 406(b) are reasonable.  Accordingly, IT IS HEREBY ORDERED  that:

1. Plaintiff's counsel's motion for an award of attorney's fees in the amount of $4,750.00 pursuant to Section 406(b) is granted.

2. Plaintiff's counsel is ordered to refund to Plaintiff $2,477.42 of the Section 406(b) fees awarded as an offset for EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d);

3. The Clerk of the Court is directed to serve this order on Desire Sue Adams-Johnson at 2810 North Chester, Apt. B, Bakersfield, California 93308.

IT IS SO ORDERED.

Dated:   **July 17, 2014**                  **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE